Bron E. D'Angelo, Esq., SBN 246819
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: bdangelo@pettitkohn.com

Attorneys for Defendant
**WALMART INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA JUAREZ CERON, an individual., | CASE NO.:  2:21-cv- 2168 |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(a) and (b)** |
| v. | |
| WALMART, INC., a Delaware corporation; DEAN DOE, an individual; and DOES 1 to 50, inclusive, | Courtroom: District Judge: Magistrate Judge: Complaint Filed:  December 4, 2019 Trial Date:         Not Set |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant WALMART INC. ("Sam West"), by and through its counsel, hereby removes the above-entitled action filed by Plaintiff MONICA JUAREZ CERON("Plaintiff") in the Superior Court of the State of California, County of Los Angeles, Case No. 19STCV43563 to the United States District Court, Central District of California pursuant to 28 U.S.C. §1441, and respectfully alleges as follows:

///

///

///

///

1

2354-9372

1.     On December 4, 2019, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Monica Juarez Ceron v. Walmart Inc., et al.,* Case Number 19STCV43563 ("the State Action").  A copy of the complaint filed in the State Action is attached hereto as **Exhibit "1."**

2.     Walmart was served with a copy of the Complaint filed in the State Action and a Summons from the State Court on February 9, 2021.  A copy of the Summons is attached hereto as **Exhibit "2."**

3.     On March 9, 2021, Walmart timely filed its Answer to Plaintiff's Complaint, along with a Demand for Jury Trial in the State Action, attached hereto as **Exhibits "3"** and **"4,"** respectively.

4.     Based on a review of the State Court file as of March 10, 2021, no other Defendant has been served with any Summons or Complaint in the State Action.

5.     Plaintiff's Complaint purports to assert causes of action based in premises liability and negligence.  Plaintiff's Complaint seeks to recover damages for lost wages, loss of earning capacity, hospital and medical expenses, past and future medical expenses, and past and future general damages.

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332 (A)

6.     This Court has jurisdiction over this matter under 28 U.S.C. section 1332(a)(1), because there is complete diversity as the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Removal is therefore proper pursuant to 28 U.S.C. sections 1441 (a) and (b).

**a.     Plaintiff is a Citizen of California**

7.     Plaintiff is domiciled in and is presently a citizen of the State of California.  Pursuant to the Complaint, Plaintiff contends that she is domiciled in the State of California, and a present citizen of California.

///

2354-9372

2

**b.   Plaintiff Claims Damages in Excess of $75,000**

8.   Plaintiff claims approximately $2,000,000 in damages.  Attached hereto as **Exhibit "5"** is Plaintiff's Statement of Damages. As result of the incident, Plaintiff suffered past damages of $1,000,000 and future damages of $1,000,000. Plaintiff further claims past medical expenses, future medical expenses, incidental damages, lost earnings, future lost earnings, and other damages to be proven at the time of trial.  Accordingly, the amount in controversy, exclusive of costs and interests, certainly exceeds the minimum requirement required for diversity jurisdiction under 28 U.S.C. section 1332(a).

**c.   Walmart is a Citizen of Delaware**

9.   Walmart is a citizen of Delaware where it is incorporated, and of Arkansas, where it holds its principal place of business (in Bentonville, Arkansas). Copies of Walmart's corporate information from the California Secretary of State Business Search and the Arkansas Secretary of Business/Commercial Services are attached hereto as **Exhibits "6" and "7,"** respectively.

10.   Because the State Action is pending in the Superior Court of California in and for the County of Los Angeles, removal of this action to this District Court is proper under 28 U.S.C. section 1441(a).

11.   Removal is timely under 28 U.S.C. section 1446(b) because this Notice of Removal is filed within 30 days of Walmart being served with the complaint that indicated Plaintiff is a citizen of the State of California and that the total amount in controversy exceeds the jurisdictional requirements of $75,000, exclusive of costs and interests.

12.   Written notice of the filing of this Notice of Removal will be promptly served on Plaintiff.  A true and correct copy of this Notice of Removal and the concurrently filed Notice of Interested Parties and Civil Cover Sheet will be filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles as soon as practicable.

2354-9372

NOTICE OF REMOVAL OF ACTION
CASE NO. 2:21-CV- 2168

**WHEREFORE**, Walmart requests that the above-entitled action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: March 10, 2021     By:     s/ Bron E. D'Angelo

Bron E. D'Angelo, Esq.
Attorneys for Defendant
**WALMART INC.**
bdangelo@pettitkohn.com

2354-9372

NOTICE OF REMOVAL OF ACTION
CASE NO. 2:21-CV- 2168

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the following document:

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(a) and (b);**

**NOTICE OF LODGMENT OF STATE COURT FILE;**

**DECLARATION OF BRON E. D'ANGELO, ESQ. IN SUPPORT OF DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(b) [DIVERSITY];**

**CIVIL CASE COVERSHEET;**

**NOTICE OF INTERESTED PARTIES.**

was on this date served upon counsel of record via:

> [ x ]   Placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address listed below;

> [X]   Electronically filing the following documents with the Clerk of the Court using the CM/ECF system.  The CM/ECF system will send notification of these filings to the persons listed below:

| | |
|---|---|
| Daniel Azizi, Esq.<br>DOWNTOWN LA LAW GROUP<br>601 N. Vermont Ave.<br>Los Angeles, CA  90004<br>Tel: (213) 389-3765<br>Fax: ( 877) 389-2775<br>Email: Daniel@downtownlalaw.com<br>Attorney for Plaintiff<br>**MONICA JUAREZ CERON** | |

Executed on **March 10, 2021**, at San Diego, California.

_____
Natalia Aguilera

2354-9372

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kristin Escalante

**PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*): | FOR COURT USE ONLY |
|---|---|
| Daniel Azizi, Esq.                     SBN: 268995<br>DOWNTOWN LA LAW C<br>601 N. Vermont Ave.<br>Los Angeles, CA 90004<br>TELEPHONE NO:(213) 389-3765     FAX NO. (*Optional*): (877) 389-2775<br>E-MAIL ADDRESS (*Optional*):Daniel@downtownlalaw.com<br>ATTORNEY FOR (*Name*):Monica Juarez Ceron | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS:312 North Spring Street
MAILING ADDRESS:312 North Spring Street
CITY AND ZIP CODE:Los Angeles, CA 90012
BRANCH NAME:Spring Street Courthouse

PLAINTIFF: MONICA JUAREZ CERON, an individual.

DEFENDANT: WALMART, INC., a Delaware corporation; DEAN DOE, an individual; and DOES 1 TO 50, inclusive.

☐ DOES 1 TO _____

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ AMENDED (*Number*):
Type (*check all that apply*):
☐ MOTOR VEHICLE   ☒ OTHER (*specify*):General Negligence
☐ Property Damage   ☐ Wrongful Death
☒ Personal Injury   ☒ Other Damages (*specify*):Premises Liability

**Jurisdiction** (*check all that apply*):
☐ ACTION IS A LIMITED CIVIL CASE
  Amount demanded ☐ does not exceed $10,000
       ☐ exceeds $10,000, but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
  ☐ from limited to unlimited
  ☐ from unlimited to limited

CASE NUMBER:
**1 9 S T C V 4 3 5 6 3**

1. Plaintiff (*name or names*):MONICA JUAREZ CERON, an individual.
   alleges causes of action against defendant (*name or names*): WALMART, INC., a Delaware corporation; DEAN DOE, an individual; and DOES 1 TO 50, inclusive.
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (*name*):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (*describe*):
      (3) ☐ a public entity (*describe*):
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (*specify*):
      (5) ☐ other (*specify*):
   b. ☐ except plaintiff (*name*):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (*describe*):
      (3) ☐ a public entity (*describe*):
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (*specify*):
      (5) ☐ other (*specify*):

   ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

EXHIBIT 1
6

**PLD-PI-001**

| SHORT TITLE: MONICA JUAREZ CERON vs. WALMART, INC., et. al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):

    Is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): WALMART, INC.
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 26-50 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 1-25 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

EXHIBIT 1
7

**PLD-PI-001**

| SHORT TITLE:  MONICA JUAREZ CERON vs. WALMART, INC., et. al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☒ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☒ property damage
   f. ☒ loss of earning capacity
   g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 12/3/19

Daniel Azizi, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

EXHIBIT 1
8

**PLD-PI-001(2)**

| SHORT TITLE: MONICA JUAREZ CERON vs. WALMART, INC., et. al. | CASE NUMBER: |
|---|---|

_____  **FIRST**  _____     **CAUSE OF ACTION—General Negligence**     Page 4 _____
               (number)

ATTACHMENT TO   [ X ] Complaint   [   ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* MONICA JUAREZ CERON, an individual.

      alleges that defendant *(name):* WALMART, INC., a Delaware corporation; DEAN DOE, an individual; and DOES 1 TO 50, inclusive.

         [   ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* or about December 21, 2017
at *(place):* or near 8500 Washington Blvd., Pico Rivera, CA 90660

*(description of reasons for liability):*

On or about December 21, 2017 Plaintiff was lawfully on the premises of Defendants WALMART, INC., a Delaware corporation; DEAN DOE, an individual; and DOES 1 TO 50, inclusive, located at or near 8500 Washington Blvd., Pico Rivera, CA 90660. Plaintiff was walking within the premises when she stepped on water and/or similar substance on the floor causing her to slip, thereby causing Plaintiff to endure severe injury and pain.

At all times herein mentioned, defendants, and each of them, had sole and exclusive custody and control of the aforesaid building and activities occurring at said building, and owed a duty to this Plaintiff and others lawfully on said premises to keep said premises in a good and safe condition; contrary thereto, Defendants, and each of them, were negligent, careless and reckless in the ownership, care, control, maintenance, operation, leasing, management, caretaking, repairing, of said premises, in that they caused and permitted said premises to be and remain in a dangerous and unsafe condition in that Defendants, and each of them, caused or permitted structures and/or components and/or other parts of said building to be and remain, wet, and otherwise deficient. In addition, Defendants, and each of them were negligent, careless and reckless in that they failed to properly warn of the dangerous condition, and in that they failed to properly protect the area of said dangerous condition.

Said Defendants, and each of them, fully and well knew, or should have known in the exercise of reasonable care, that the wet floor in said establishment were in a dangerous and defective and unsafe condition, and a menace to Plaintiff and others lawfully on said premises.

By reason of the aforesaid negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, and as a direct and proximate result thereof, dangerously wet floor that was not properly installed, maintained, cleaned and/or protected at said property causing Plaintiff to sustain the injuries and damages as hereinafter alleged.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

EXHIBIT 1
9

**PLD-PI-001(4)**

| SHORT TITLE: MONICA JUAREZ CERON vs. WALMART, INC., et. al. | CASE NUMBER: |
|---|---|

| _____ SECOND _____ | **CAUSE OF ACTION—Premises Liability** | Page 5 _____ |
|---|---|---|
| (number) | | |

ATTACHMENT TO   [X] Complaint   [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* MONICA JUAREZ CERON, an individual.

alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On *(date):* or about December 21, 2017          plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):* On or about December 21, 2017 Plaintiff was

lawfully on the premises of Defendants WALMART, INC., a Delaware corporation; DEAN DOE, an

individual; and DOES 1 TO 50, inclusive, located at or near 8500 Washington Blvd., Pico Rivera, CA 90660.

Plaintiff was walking within the premises when she stepped on water and/or similar substance on the floor

causing her to slip, thereby causing Plaintiff to endure severe injury and pain.

Prem.L-2.   [X]   **Count One—Negligence** The defendants who negligently owned, maintained, managed and
operated the described premises were *(names):* WALMART, INC., a Delaware corporation; DEAN
DOE, an individual; and DOES 1 TO 50, inclusive.

[ ] Does _____ to _____

Prem.L-3.   [ ]   **Count Two—Willful Failure to Warn [Civil Code section 846]** The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):*

[ ] Does _____ to _____
Plaintiff, a recreational user, was   [ ] an invited guest   [ ] a paying guest.

Prem.L-4.   [ ]   **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
on which a dangerous condition existed were *(names):*

[ ] Does _____ to _____
a. [ ]   The defendant public entity had   [ ] actual   [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ]   The condition was created by employees of the defendant public entity.

Prem.L-5. a. [ ]   **Allegations about Other Defendants** The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were *(names):*

[ ] Does _____ to _____
b. [ ]   The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b   [ ] as follows *(names):*

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

EXHIBIT 1
10

ctronically FILE... ...rior Court of California, County of Los Angeles on 12/04/2019 09:58 AM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk
19STCV43563

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** WALMART, INC., a Delaware corporation; DEAN
*(AVISO AL DEMANDADO):* DOE, an individual; and DOES 1 TO 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** MONICA JUAREZ CERON, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
312 North Spring Street
Los Angeles, California  90012

**CASE NUMBER:**
*(Número del Caso):*
**19STCV43563**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Daniel Azizi, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DOWNTOWN LA LAW GROUP
601 N. Vermont Ave., Los Angeles, CA 90004                           (213) 389-3765

DATE:   12/04/2019                    Clerk, by   Sherri R. Carter Executive Officer / Clerk of Court ,   Deputy
*(Fecha)*                             *(Secretario)*   Heather A. Flores-Hernandez   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Walmart, Inc., a Delaware Corporation

under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adapted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | Solutions Doc & Form Builder |

EXHI...

11

Electronically FILED by Superior Court of California, County of Los Angeles on 03/09/2021 06:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1　Bron E. D'Angelo, Esq., SBN 246819
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
2　5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
3　Telephone: (310) 649-5772
Facsimile: (310) 649-5777
4　E-mail: bdangelo@pettitkohn.com

5　Attorneys for Defendant
**WALMART INC.**

6

7

8　　　　　**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9　　　　　　　**FOR THE COUNTY OF LOS ANGELES**

10

11　MONICA JUAREZ CERON, an individual., | CASE NO.: 19STCV43563

12　　　　　　　Plaintiff,

13　　　　v. | **DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

14　WALMART, INC., a Delaware corporation;
DEAN DOE, an individual; and DOES 1 to
15　50, inclusive, | Dept.: 2
Judge: Hon. Kristin S. Escalante
16　　　　　　　Defendants. | Filed:　December 4, 2019
Trial:　June 2, 2021

17

18　　　COMES NOW WALMART INC. ("Defendant") for its Answer to Plaintiff, MONICA

19　JUAREZ CERON's ("Plaintiff") Original Complaint ("Complaint") on file herein, admits,

20　denied, and alleged as follows:

21　　　　　　　　**AFFIRMATIVE DEFENSES**

22　　　　　　　**FIRST AFFIRMATIVE DEFENSE**

23　　　　　　**(Failure to State a Cause of Action)**

24　　　The COMPLAINT, and each and every cause of action alleged therein fails to state facts

25　sufficient to constitute a cause of action for which relief may be granted.

26　///

27　///

28　///

2354-9372

1

1

**SECOND AFFIRMATIVE DEFENSE**

2

**(Acts of Other Parties)**

3

Defendant alleges that, if Defendant is subjected to any liability by Plaintiff, it will be

4

due in whole or in part to the acts and/or omissions of other parties, or parties unknown at this

5

time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up

6

to and including the whole thereof.

7

**THIRD AFFIRMATIVE DEFENSE**

8

**(Assumption of Risk)**

9

The COMPLAINT, and each and every cause of action alleged therein, is barred in that

10

Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed

11

any and all risks attendant upon Plaintiff's conduct, including any purported damages alleged to

12

be related thereto and proximately caused thereby.

13

**FOURTH AFFIRMATIVE DEFENSE**

14

**(Comparative Negligence)**

15

Defendant alleges that Plaintiff was negligent, and otherwise at fault, with regard to the

16

events alleged in the COMPLAINT, and such negligence and fault is the proximate cause of any

17

liabilities or damages Plaintiff may incur.  Accordingly, Plaintiff's recovery, if any, should be

18

precluded or reduced in proportion to their negligence and fault.

19

**FIFTH AFFIRMATIVE DEFENSE**

20

**(Estoppel)**

21

The COMPLAINT, and each and every cause of action alleged therein, is barred by the

22

doctrine of estoppel.

23

**SIXTH AFFIRMATIVE DEFENSE**

24

**(Exercise of Reasonable Care)**

25

Defendant exercised reasonable care and did not know, and in the exercise of reasonable

26

care could not have known, of the alleged acts or allegations in connection with the conditions

27

which are the subject of the COMPLAINT.

28

*///*

2354-9372

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure of Others to Exercise Reasonable Care)

If Defendant is subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of other defendants or other parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Ordinary Care)

The COMPLAINT, and each and every cause of action alleged therein, is barred in that Plaintiff failed to exercise ordinary and reasonable care on Plaintiff's own behalf and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, Plaintiff's own alleged injuries and damages, if any, and Plaintiff's recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

## TENTH AFFIRMATIVE DEFENSE

### (Intervening Acts of Others)

The COMPLAINT, and each and every cause of action alleged therein, is barred because the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

The COMPLAINT, and each and every cause of action alleged therein, is barred by the doctrine of laches.

2354-9372

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TWELFTH AFFIRMATIVE DEFENSE**

**(Lack of Notice)**

Defendant alleges that it did not have either actual or constructive notice of the conditions, if any, which existed at the time and places mentioned in the COMPLAINT, which conditions may have caused or contributed to the damages as alleged herein. Said lack of notice prevented Defendant from undertaking any measures to protect against or warn of said conditions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Particularity)**

The COMPLAINT, and each and every cause of action alleged therein, is barred in that Plaintiff failed to particularize the claims in the COMPLAINT, thereby depriving Defendant the ability to ascertain the true bases of Plaintiff's claim, if any, and the law applicable to the claim.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Constructive Notice of Dangerous Condition)**

The COMPLAINT, and each and every cause of action alleged therein, is barred by the fact that Defendant did not have constructive notice of the allegedly unsafe conditions on the premises.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Obvious Danger)**

Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for Plaintiff's own safety in order to avoid the alleged accident.  The resulting injuries and damages, if any, sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff, in that any possible danger with regard to the accident in question was obvious to anyone using reasonable care.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Reimbursement)**

Defendant alleges that any reimbursement, from whatever source, to Plaintiff of the damages alleged must be applied against any liability of Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

The COMPLAINT, and each and every cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Several Liability for Non-Economic Damages)

If Defendant has any liability to Plaintiff in this action, which is denied, it is only severally liable for Plaintiff's non-economic damages under California Civil Code sections 1431.1 and 1431.2, and therefore request a judicial determination of the percentage of its negligence, if any, which proximately contributed to the subject incident.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The COMPLAINT, and each and every cause of action alleged therein, is barred by all applicable statutes of limitation, including but not limited to, Code of Civil Procedure sections 335.1, 337 and 343.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Uncertainty)

Defendant alleges that the causes of action in the COMPLAINT, and each of them, are uncertain and ambiguous as to Plaintiff's claim for damages against Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver)

The COMPLAINT, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more

5

specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing by way of the Complaint;

2.      That Defendant be awarded costs of suit incurred herein; and

3.      For any and all relief as the Court deems just and proper according to the laws of California.

PETTIT KOHN INGRASSIA LUTZ & DOLIN PC

Dated:  _March 9, 2021                    By: _____
                                               Bron E. D'Angelo, Esq.
                                               Attorneys for Defendant
                                               **WALMART INC.**

DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

2354-9372

EXHIBIT 3

17

**PROOF OF SERVICE**
*Monica Juarez Ceron v. Walmart Inc.*
**Los Angeles Superior Court Case No. 19STCV43563**

1
2

3    I, the undersigned, declare that:

4    I am and was at the time of service of the papers herein, over the age of eighteen (18)
years and am not a party to the action.  I am employed in the County of San Diego, California,
5    and my business address is 11622 El Camino Real, Suite 300, San Diego, California 92130.

6    On **March 9, 2021**, I caused to be served the following documents:

7    **DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S ORIGINAL
COMPLAINT**

8
9    [  ]    **BY FACSIMILE TRANSMISSION (Code Civ. Proc. §§ 1013(e)-(f)):**  From fax
number (858) 755-8504 to the fax numbers listed below.  The facsimile machine I used
complied with Cal. Rules of Court, rule 2.306 and no error was reported by the machine.
10   I caused the machine to print a transmission record, a copy of which will be maintained
with the document(s) in our office.

11
12   [X]    **BY MAIL:**  By placing a copy thereof for delivery in a separate envelope addressed to
each addressee, respectively, as follows:

13       [X]    **BY FIRST-CLASS MAIL (Code Civ. Proc. §§ 1013(a)-(b))**
         [  ]    **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c)-(d))**
14       [  ]    **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED (Code Civ.
         Proc. §§ 1013(a)-(b))**

15
16   [ x ]   **BY ELECTRONIC DELIVERY (Code Civ. Proc. § 1010.6 and Cal. Rules of Court,
rule 2.251):**  Based on Cal. Rules of Court Emergency Rule 12 (Covid), I caused such
document(s) to be electronically served to those parties listed below from e-mail address
17   naguilera@pettitkohn.com.  The file transmission was reported as complete and a copy of
the Service Receipt will be maintained with the original document(s) in our office.

18
19   [  ]    **BY ELECTRONIC SERVICE (California Rule of Court 2.251):**  By submitting an
electronic version of the document(s) via file transfer protocol (FTP) to OneLegal Online
Court Services through the upload feature at www.onelegal.com.

20
21   [  ]    **BY PERSONAL SERVICE:**  I caused the above-described document to be personally
served on the parties listed on the service list below at their designated business addresses
**pursuant to Code Civ. Proc. §1011**.

22
23   Daniel Azizi, Esq.
DOWNTOWN LA LAW GROUP
601 N. Vermont Ave.
24   Los Angeles, CA  90004
Tel: (213) 389-3765
25   Fax: ( 877) 389-2775
Email: Daniel@downtownlalaw.com
26   **Attorney for Plaintiff**
**MONICA JUAREZ CERON**

27
///
28   I am readily familiar with the firm's practice of collection and processing correspondence

2354-9372

7

for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business.  I am aware that service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **March 9, 2021**, at San Diego, California.

_____
Natalia Aguilera

8

DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

EXHIBIT 3
19

Electronically FILED by Superior Court of California, County of Los Angeles on 03/09/2021 06:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

Bron E. D'Angelo, Esq., SBN 246819
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: bdangelo@pettitkohn.com

Attorneys for Defendant
**WALMART INC.**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MONICA JUAREZ CERON, an individual., | CASE NO.: 19STCV43563 |
| Plaintiff, | |
| v. | **DEFENDANT WALMART INC.'S JURY DEMAND** |
| WALMART, INC., a Delaware corporation; DEAN DOE, an individual; and DOES 1 to 50, inclusive, | Dept.: 2<br>Judge: Hon. Kristin S. Escalante<br>Filed: December 4, 2019 |
| Defendants. | Trial: June 2, 2021 |

TO THE ABOVE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

Defendant WALMART INC. hereby demands a trial by jury in the above-titled matter.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: March 9, 2021          By: _____
                                          Bron E. D'Angelo, Esq.
                                          Attorneys for Defendant
                                          **WALMART INC.**

2354-9372

1
DEFENDANT WALMART INC.'S JURY DEMAND

EXHIBIT 4
20

**PROOF OF SERVICE**
*Monica Juarez Ceron v. Walmart Inc.*
**Los Angeles Superior Court Case No. 19STCV43563**

I, the undersigned, declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action.  I am employed in the County of San Diego, California, and my business address is 11622 El Camino Real, Suite 300, San Diego, California 92130.

On **March 9, 2021**, I caused to be served the following documents:

**DEFENDANT WALMART INC.'S JURY DEMAND**

**[ ]**    **BY FACSIMILE TRANSMISSION (Code Civ. Proc. §§ 1013(e)-(f)):**  From fax number (858) 755-8504 to the fax numbers listed below.  The facsimile machine I used complied with Cal. Rules of Court, rule 2.306 and no error was reported by the machine.  I caused the machine to print a transmission record, a copy of which will be maintained with the document(s) in our office.

**[X]**    **BY MAIL:**  By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

> **[X]**    **BY FIRST-CLASS MAIL (Code Civ. Proc. §§ 1013(a)-(b))**
> **[ ]**    **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c)-(d))**
> **[ ]**    **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED (Code Civ. Proc. §§ 1013(a)-(b))**

**[ X ]**    **BY ELECTRONIC DELIVERY (Code Civ. Proc. § 1010.6 and Cal. Rules of Court, rule 2.251):**  Based on Cal. Rules of Court Emergency Rule 12 (Covid), I caused such document(s) to be electronically served to those parties listed below from e-mail address naguilera@pettitkohn.com.  The file transmission was reported as complete and a copy of the Service Receipt will be maintained with the original document(s) in our office.

**[ ]**    **BY ELECTRONIC SERVICE (California Rule of Court 2.251):**  By submitting an electronic version of the document(s) via file transfer protocol (FTP) to OneLegal Online Court Services through the upload feature at www.onelegal.com.

**[ ]**    **BY PERSONAL SERVICE:**  I caused the above-described document to be personally served on the parties listed below at their designated business addresses **pursuant to Code Civ. Proc. §1011**.

Daniel Azizi, Esq.
DOWNTOWN LA LAW GROUP
601 N. Vermont Ave.
Los Angeles, CA  90004
Tel: (213) 389-3765
Fax: ( 877) 389-2775
Email: Daniel@downtownlalaw.com
**Attorney for Plaintiff**
**MONICA JUAREZ CERON**

///

I am readily familiar with the firm's practice of collection and processing correspondence

2

2354-9372

EXHIBIT 4
21

for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business.  I am aware that service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on _**March 9, 2021**, at San Diego, California.

_____
Natalia Aguilera

3

DEFENDANT WALMART INC.'S JURY DEMAND

EXHIBIT 4
22

Daniel Azizi, Esq., SBN 268995
John Rofael, Esq., SBN 282266
**DOWNTOWN L.A. LAW GROUP**
601 N Vermont Ave
Los Angeles, CA 90004
Tel.: (213) 389-3765
Fax: (877) 389-2775
Email: JRofael@downtownlalaw.com

Attorneys for Plaintiff
MONICA JUAREZ CERON

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MONICA JUAREZ CERON, an individual | Case No.: 19STCV43563 |
| Plaintiff, | **STATEMENT OF DAMAGES** |
| v. | |
| WALMART, INC., a Delaware Corporation; DEAN DOE, an individual and Does 1 to 50, inclusive. | |
| Defendants. | |

Plaintiff, MONICA JUAREZ CERON, hereby provides to Defendants the following Statement of Damages:

1. General Damages:     In excess of          $1,000,000.00
2. Special Damages:     In excess of          $1,000,000.00

///
///
///

**1**
**STATEMENT OF DAMAGES**

EXHIBIT 5
23

1    Plaintiff reserves the right to amend this Statement of Damages at a later time, as

2  Discovery develops.

3

4  DATED: February 3, 2021                    **DOWNTOWN L.A. LAW GROUP**

5

6                                             _____
                                             Daniel Azizi, Esq.
7                                             John Rofael, Esq.
                                             Attorney for Plaintiff,
8                                             MONICA JUAREZ CERON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

**2**
**STATEMENT OF DAMAGES**

EXHIBIT 5
24

**Dr. Shirley N. Weber**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Tuesday, March 9, 2021. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C1634374    WALMART INC.

| | |
|---|---|
| **Registration Date:** | 02/03/1989 |
| **Jurisdiction:** | DELAWARE |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 702 SW 8TH STREET |
| | BENTONVILLE AR 72716 |
| **Entity Mailing Address:** | 702 SW 8TH STREET |
| | BENTONVILLE AR 72716 |

🛒 **Certificate of Status**

A Statement of Information is due EVERY year beginning five months before and through the end of February.

| Document Type | ⇅ | File Date | ⬇ | PDF |
|---|---|---|---|---|
| SI-COMPLETE | | 09/28/2020 | | |
| FILING OFFICE STATEMENT | | 09/25/2020 | | |
| SI-COMPLETE | | 09/15/2020 | | |
| PUBLICLY TRADED DISCLOSURE | | 06/30/2020 | | |
| PUBLICLY TRADED DISCLOSURE | | 07/05/2019 | | |
| PUBLICLY TRADED DISCLOSURE | | 07/03/2018 | | |
| AMENDED REGISTRATION | | 12/14/2017 | | |
| PUBLICLY TRADED DISCLOSURE | | 07/03/2017 | | |
| PUBLICLY TRADED DISCLOSURE | | 08/17/2016 | | |

EXHIBIT 6
25

| Document Type ↕ | File Date ↕ | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 07/16/2015 | |
| PUBLICLY TRADED DISCLOSURE | 07/01/2013 | |
| PUBLICLY TRADED DISCLOSURE | 07/02/2012 | |
| PUBLICLY TRADED DISCLOSURE | 06/28/2011 | |
| PUBLICLY TRADED DISCLOSURE | 06/30/2010 | |
| PUBLICLY TRADED DISCLOSURE | 09/04/2009 | |
| PUBLICLY TRADED DISCLOSURE | 06/30/2008 | |
| PUBLICLY TRADED DISCLOSURE | 06/07/2007 | |
| PUBLICLY TRADED DISCLOSURE | 07/24/2006 | |
| PUBLICLY TRADED DISCLOSURE | 06/29/2005 | |
| PUBLICLY TRADED DISCLOSURE | 06/01/2004 | |
| PUBLICLY TRADED DISCLOSURE | 12/09/2003 | Image unavailable. Please request paper copy. |
| REGISTRATION | 02/03/1989 | |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

**Modify Search**     **New Search**     **Back to Search Results**

EXHIBIT 6



# Search Incorporations, Cooperatives, Banks and Insurance Companies

Printer Friendly Version

LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | WALMART INC. |
| Fictitious Names | BUD'S DISCOUNT CITY |
| | BUD'S WAREHOUSE OUTLET |
| | BUD'S WAREHOUSE OUTLET |
| | FORT SMITH REMARKETING |
| | SAM'S CLUB |
| | SAM'S WHOLESALE CLUB |
| | WAL-MART |
| | WAL-MART AVIATION |
| | WAL-MART EXPRESS |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER #1147 |
| | WAL-MART SUPERCENTER #8 |
| | WAL-MART VACATIONS |
| | WALTON LIFE FITNESS CENTER |
| Filing # | 100067582 |
| Filing Type | Foreign For Profit Corporation |
| Filed under Act | For Bus Corp; 958 of 1987 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | C T CORPORATION SYSTEM |
| Agent Address | 124 WEST CAPITOL AVENUE, SUITE 1900 |
| | LITTLE ROCK, AR 72201 |
| Date Filed | 03/31/1970 |
| Officers | SEE FILE, Incorporator/Organizer |
| | RICKY YOUNG , Tax Preparer |
| | C DOUGLAS MCMILLON , President |
| | RACHEL BRAND , Secretary |
| | WAYNE HAMILTON , Vice-President |
| | AMANDA WHALEN , Treasurer |
| | DAVID CHOJNOWSKI , Controller |
| Foreign Name | N/A |
| Foreign Address | 702 SW 8TH STREET |
| | BENTONVILLE, AR 72716 |
| State of Origin | DE |

**Purchase a Certificate of Good Standing for this Entity**

EXHIBIT 7

27