# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA JUAREZ CERON, an individual., <br><br> Plaintiff, <br><br> v. <br><br> WALMART, INC., a Delaware corporation; DEAN DOE, an individual; and DOES 1 to 50, inclusive, <br><br> Defendants. | CASE NO.: 2:21-cv-02168−PSG−AGR <br><br> [PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER <br><br> Courtroom: 6A <br> District Judge: Philip S. Gutierrez <br> Magistrate Judge: Alicia G. Rosenberg <br> Complaint Filed: December 4, 2019 <br> Trial Date: June 3, 2022 |

## ORDER ON STIPULATION

Based on the parties' Stipulated Protective Order filed concurrently herewith, and good cause appearing, the Court hereby ENTERS the Protective Order as set forth therein.

IT IS SO ORDERED.

Dated: January 25, 2022

_____
Hon. Alicia G. Rosenberg
United States Magistrate Judge

Bron E. D'Angelo, Esq., SBN 246819
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: bdangelo@pettitkohn.com

Attorneys for Defendant
**WALMART INC.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA JUAREZ CERON, an individual., <br><br> Plaintiff, <br><br> v. <br><br> WALMART, INC., a Delaware corporation; DEAN DOE, an individual; and DOES 1 to 50, inclusive, <br><br> Defendants. | CASE NO.:  2:21-cv-02168-PSG-AGR <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Courtroom:         6A <br> District Judge:    Philip S. Gutierrez <br> Magistrate Judge: Alicia G. Rosenberg <br> Complaint Filed:  December 4, 2019 <br> Trial Date:        June 3, 2022 |

The following parties, MONICA JUAREZ CERON ("Plaintiff") and WALMART INC. ("WALMART") (collectively "the Parties") by their undersigned counsel, have and hereby stipulate and agree to entry of the following Stipulated Protective Order and to abide by the following terms:

WHEREAS, Plaintiff has propounded or will propound certain discovery requests to WALMART seeking information which WALMART considers proprietary, confidential business records and/or trade secrets;

WHEREAS, WALMART has expressed a willingness to provide the proprietary information, confidential business records and/or trade secrets which would be necessarily disclosed in complying with these discovery requests, provided that the Court enter an appropriate protective order;

WHEREAS, the Parties have agreed to the following terms:

1. <u>Purposes and Limitations</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that the Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. <u>Good Cause</u>

This action is likely to involve WALMART's trade secrets, confidential business records, and other valuable research, development, commercial, financial, technical and/or proprietary information ("confidential documents and information") for which special protection from public disclosure is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business policies, or other confidential development or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the Parties are entitled to keep confidential, ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this

matter. The Parties do not intend to designate this information as confidential for tactical reasons and nothing shall be designated without a good faith belief that it has been maintained in a confidential, non-public manner. There is good cause why it should not be part of the public record of this case.

3. <u>Designating Protected Information</u>

WALMART shall mark as "confidential" or "produced pursuant to protective order" or in some similar fashion any document for which it claims protection under this Order. The documents, things and information contained in them or gleaned from them shall only be used, shown and disclosed as provided in this Order. The term "confidential documents and information" as used in this Order shall be construed to include the documents and materials so marked, and their content, substance and the information contained in or gleaned from them. The term shall also be construed to include any summaries, quotes, excerpts and/or paraphrases of the documents, things or information. The designation shall be made in good faith and shall not be made with respect to any document which is in the public domain, such as patents, or any other document which has previously been produced or disseminated without confidentiality protection.

4. <u>Scope</u>

This Order is limited to the context of pre-trial civil discovery. This Order does not restrict dissemination of information if gained from other public sources outside of pre-trial civil discovery.

Any use of confidential material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of confidential material at trial.

5. <u>Duration</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until WALMART agrees otherwise in writing or a court order directs. Final disposition shall be deemed after (1) dismissal of all claims and defenses in this action, with or without prejudice; and

(2) final judgment hereinafter the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6. <u>Disclosure of "Confidential" Information or Items</u>

    6.1   <u>Qualified Persons</u>. Unless otherwise ordered by the Court or permitted in writing by the parties, access to WALMART's confidential documents and other materials, any parts thereof, any summaries or extracts thereof, as well as matters contained therein which are produced or obtained through pre-trial discovery shall be limited to the following "qualified persons." The following persons are automatically deemed "qualified person":

    a. this Court, officers of this Court, and the jury

    b. counsel of record for the parties to this lawsuit;

    c. those paralegals, stenographic and clerical employees who are employed by and assisting counsel of record;

    d. the parties of record and their officers, directors, employees, counsel of record and insurers to the extent necessary to assist in preparing for discovery, depositions, resolution, or for trial, or who are otherwise assisting in this litigation; and

    e. any expert or consultant who has been retained or specially employed by a party in anticipation of this litigation or for trial of this case, to the extent necessary to assist in the litigation, and who has signed a written certification in the form set forth as Exhibit "A"; provided, however, that no confidential documents and information shall be disseminated to any expert or consultant:

        i. who is an employee of a direct business competitor of the party producing the information; or

        ii. who is employed by a direct business competitor of the party producing the information and who directly participates in

design, manufacturing, marketing, or service activities of direct business competitors.

Counsel of record shall maintain such certifications for all designated experts, and shall provide copies of the certifications upon demand to counsel for any opposing party. Demand to one counsel of record for a party is deemed to be a demand to all counsel of record for a party.

6.2   Jurisdiction over Qualified Persons. Each qualified person is subject to the jurisdiction of this Court for purposes of enforcement of this Order. Counsels of record are responsible for ensuring that their employees and any experts they retain comply strictly with this Order. Violation by an employee of counsel or by an expert retained by counsel shall be deemed a violation by counsel.

7.   Challenges to Claims of Confidentiality

7.1.   Timing of Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2   Meet and Confer.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

7.3   Burden of Persuasion.   The burden of persuasion in any such challenge proceeding shall be on WALMART. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless WALMART has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under WALMART's designation until the Court rules on the challenge.

8.   Use of Confidential Documents and Information

8.1   Generally.   Confidential documents, things and information may be used solely in connection with this lawsuit and for no other purpose. No qualified person who gains access to the confidential documents, things and information may

disclose them or their contents to any other person without the written stipulation of the producing party or by order of this Court.

8.2     In this Lawsuit.  Confidential documents, things and information may be used at trial or at depositions, in accordance with the following safeguards.  If confidential documents, things and information are used in depositions, all portions of the transcript of such depositions and exhibits thereto which refer to or relate to such confidential documents, things or information shall themselves be considered as confidential documents.  WALMART shall ensure that the court reporter binds the confidential portions of the transcript and exhibits separately and labels them "confidential."  In addition, each deponent shall be ordered that he may not divulge any confidential documents, things or information except to qualified persons.

9.    Filing and Sealing

The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal.  A Party that seeks to file under seal any confidential information must comply with Civil Local Rule 79-5. Confidential information may only be filed under seal pursuant to a court order authorizing the sealing of the specific confidential information at issue.  If a Party's request to file confidential information under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

10.    Protected Material Subpoenaed or Ordered Produced in Other Litigation

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify WALMART in writing.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by WALMART whose Protected Material may be affected. If WALMART timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the WALMART's permission. WALMART shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing a Receiving Party in this Action to disobey a lawful subpoena issued in another action.

11. Miscellaneous

   11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. No modification by the Parties shall have the force or effect of a Court order unless the Court approves the modification.

   11.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclose or produce any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12. Final Disposition

   At the final disposition of this action, as defined in paragraph 5, all confidential documents, things and information, and all copies thereof, shall be returned to the counsel for WALMART within thirty (30) days.

13. Execution

   Facsimile copies of signature pages may be used as originals and this

Stipulated Protective Order may be executed in counterparts with the same full force and effect. This Stipulation and Protective Order consists of seven (7) pages and one, one-page exhibit in addition thereto, and is executed on the dates set forth below.

14. Any violation of this Order may be punished by any and all appropriate measures including, but not limited to, contempt proceedings and/or monetary sanctions.

**AGREED AND STIPULATED:**

                              **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: November 23, 2021      By:  s/ Bron E. D'Angelo, Esq.
                                        Bron E. D'Angelo, Esq.
                                        Attorneys for Defendant
                                        **WALMART INC.**
                                        bdangelo@pettitkohn.com

                                **DOWNTOWN LA LAW GROUP**

Dated: November 23, 2021      By:  s/ John Rofael, Esq.
                                          Daniel Azizi, Esq.
                                        John Rofael, Esq.
                                        Attorneys for Plaintiff
                                        **MONICA JUAREZ CERON**
                                        daniel@downtownlalaw.com
                                        jrofael@downtownlalaw.com

    Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to counsel for Plaintiff, and that I have obtained counsel's authorization to affix his electronic signature to this document.

                                                      s/ Bron E. D'Angelo, Esq.
                                                      Bron E. D'Angelo, Esq.
                                                      Attorneys for Defendant
                                                      **WALMART INC.**
                                                      bdangelo@pettitkohn.com

# EXHIBIT "A"

I, _____, [print or type name] of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of **Monica Juarez Ceron v. Walmart, Inc., Case No. 2:20-cv-07793-DMG-JPR.** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____